26 C.C.P.A. (Patents)

## In re KLEMM.

### Patent Appeal No. 4149.

Court of Customs and Patent Appeals.
May 1, 1939.

Bailey & Larson, of Washington, D. C. (Jennings Bailey, Jr., and Roberts Larson, both of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

All the claims of appellant's application for a patent relating to aircraft construction were rejected by the Primary Examiner of the United States Patent Office, on the ground that the same were not patentable in view of the prior art cited. Upon appeal to the Board of Appeals, the decision of the examiner was affirmed for substantially the same reasons as those assigned by the examiner, and from such decision of the board the applicant has here appealed.

The structure disclosed in appellant's application which is defined by the appealed claims comprises an air-cooled radial engine located within a nacelle or other enclosure and cooling means consisting of a scoop or air-catching device, located below and at the rear of the enclosure, which causes the air to pass forward through the enclosure from the rear. In order to make the engine cooling more effective, applicant provides baffles between the cylinders so as to bring the air in more direct contact with the parts to be cooled. His accessories—carburetor, oil pump, etc.—are located in the rear of the engine in the aft compartment, the main enclosure being divided into two compartments by the engine. Applicant states that by virtue of this arrangement the accessories do not come in contact with the hot air from the cylinders and are kept cool by the incoming air.

Claim 22 is regarded as illustrative and follows: "22. An aircraft construction including an air cooled radial engine having spaced cylinders and baffles between the cylinders thereof, an enclosure surrounding the said engine, the said engine being positioned to divide the said enclosure into two separate compartments, engine accessories disposed in the aft compartment and means for circulating cooling air through the said compartments in the direction of flight for cooling the said accessories and said engine, the said means initially contacting the said cooling air with the said accessories."

The references relied upon are: MacClain, 2,031,541, February 18, 1936; Good, 1,359,166, November 16, 1920; Gilmore, 1,511,667, October 14, 1924; Goodman et al., 2,076,232, April 6, 1937; Martin, 1,847,093, March 1, 1932; Young et al., 2,063,477, December 8, 1936; Jane's All the World's Aircraft, Pages 46-c, 62-c and 63-c, 1927.

After appeal was taken from the rejection by the Primary Examiner, appellant made certain amendments to certain of the claims and asked that the case be remanded to the Primary Examiner for consideration of the claims in view of the amendments. After remand, the examiner finally rejected the claims and made a supplemental statement. The claims after amendment appear in the record as numbered 22 to 28, inclusive.

The MacClain and Good patents show that it was old in the art to baffle the engine between the cylinders for more effective cooling.

Gilmore relates to a water-cooled engine and the board was of the opinion that this patent, as a primary reference, was not as pertinent as the Goodman et al. patent, and that the same was cumulative only.

The Goodman et al. patent shows an air-cooled radial airplane engine similar to applicant's. Like appellant they disclose a housing entirely surrounding the motor with a scoop at the bottom of the housing to force the air in at the back end of the rear compartment, which causes the air to circulate over the accessories and across the motor and out at the front of the covering. The engine divides the enclosure into two compartments. This patent does not show any baffles. Goodman et al. provide at the top of the second compartment an additional exit for that portion of the air which passes through the oil cooler.

Martin discloses an air-cooling system for motors where the air entrances are provided in the body of the aircraft and in the lower forward surfaces of the wing.

Young et al. show a means for heating the air for the carburetor by means of the heat from the engine exhaust and also show an air entrance which does not pass the air through a heater but which air travels over the accessories.

Jane's "All the World's Aircraft" shows a carburetor air heater enclosing a portion of the exhaust manifold and shows the cooling of the accessories on the side of the aircraft before the air passes to the engine cylinders.

The examiner rejected claims 22, 23 and 24 as unpatentable over Gilmore. He also held that these claims were unpatentable over Gilmore in view of either MacClain or Good and stated that the substitution of an air-cooled engine such as that of either MacClain or Good for the water-cooled engine of Gilmore would not be inventive. He also rejected these claims on Gilmore in view of any ordinary radial air-cooled engine such as the Wright engines. He further stated: " * * * The advantages and disadvantages of having accessories on the side of the engine facing the incoming air are obvious and it is believed they were well known to those skilled in the art. * * * "

Claim 25 differs from claims 22, 23 and 24 in that an air entrance opening in the forward lower surface of a wing is called for as well as the means including the baffled engine for maintaining a positive air pressure in the aft compartment. In rejecting claim 25 the examiner pointed out that maintaining positive air pressure was the natural result of baffling the engine after the manner of MacClain or Good and that the provision for an opening in the forward lower surface of the wing was clearly disclosed in Martin. He stated that there would be no invention in applying this teaching to Gilmore.

Claim 26 is dependent upon claim 22 and adds thereto the idea of providing an enclosure over the exhaust manifold, through which air for the carburetor intake may pass and be heated. The claim also calls for means for supplying cooled air from the said aft compartment to the manifold enclosure and also "means for selectively connecting the said intake with the interior of the said manifold enclosure or with the exterior of said cowled nacelle," both the said manifold and said intake being located within said aft compartment. It was stated by the examiner that "These features are not seen to have any particular relation to or patentable cooperation with the details outlined in claim 22, the functions being separate and distinct." He also said that "The structure added in claim 26 does not distinguish patentably over the disclosure of Young." He stated that to enclose the heater within the air intake pipe is a mere reversal of parts not involving invention and that Jane's All the World's Aircraft threw light upon this feature.

Claim 27 is similar to claim 25 but it calls for a cooling air entrance in the body surface and means to selectively supply air through either opening. The examiner held that there was no invention in providing Gilmore with an air entrance in the wing after the teaching of Martin, in addition to the openings at the front; that to selectively use either entrance was a matter of choice not involving invention.

Claim 28 is dependent upon claim 22 and adds that the accessories include a carburetor having its intake in the aft compartment which is the higher pressure compartment. The examiner stated that: " * * * This feature is clearly shown to be old in Good and no invention is seen to reside in locating the carburetor of Gil-

more to the rear of any baffles that may be used with either an in-line engine or a radial engine."

The examiner also rejected claims 22, 23 and 24 on Goodman et al. In making this rejection the examiner stated that Goodman et al. shows that the engine divides the enclosure into fore and aft compartments as does the applicant; that the cooling air enters the scoop and passes forwardly through the cowling, contacting the accessories mounted on the rear of the engine, and then goes to the engine cylinders and finally passes out in front. He said that if the engine would not cool properly, it would not involve invention to use the prior art baffles.

Claims 25, 27 and 28 were additionally rejected in that no invention resides in applying the teaching of MacClain, Good or Martin to that of Goodman et al.

Claim 26 was additionally rejected in using Goodman et al. as the principal reference rather than Gilmore.

The Board of Appeals in affirming the decision of the examiner, as before stated, did not rely on the Gilmore patent as a basic reference. It, however, agreed with the examiner that claim 22 is substantially met by the patent to Goodman et al. Goodman et al. did not show baffles but baffles were old and it was held that no invention resided in adding them to the Goodman et al. device.

The board also concluded that claims 23 and 24 were not patentable over Goodman et al. The additional matter in claim 23 not found in claim 22 relates to a means "associated with the fore compartment for effecting the circulation through the said engine." It was stated that this language might apply aptly to the device disclosed by Goodman et al. as well as to a fan structure which performs this function.

The board stated that "The general combination recited in claim 24 in which the body and cowl are so dimensioned as to form venturi passage is clearly disclosed in the patent to Goodman et al."

It was held that the air inlet openings specified in claims 25 and 27 were deemed to be shown in the patents to Goodman et al. and Martin.

Claim 26 is also dependent upon claim 22 and contains the additional structure whereby the air going to the carburetor is passed over the exhaust manifold for the purpose of heating the same. The board held with the examiner that this function was totally independent of the other elements of the combination claim and that the said elements did not cooperate in a patentable sense. It pointed out, however, that these additional features are shown to be old in the patent to Goodman et al. and the patent to Young et al., the latter showing means for feeding the carburetor with either heated or unheated air. The board was of the opinion that adding this feature to the Goodman et al. structure was not deemed to be a matter of invention.

Claim 28 differs from claim 22 in that it calls for an air intake for the carburetor in the rear compartment. The board held that this feature was clearly shown in Goodman et al.

We have examined appellant's elaborate brief with much care and note that appellant has urged with great earnestness that his invention overcomes many of the difficulties encountered in all prior aircraft construction; that his structure insures the adequate cooling of the engine when the airplane is standing on the ground and adequate cooling at all times of the accessories, and that by his combination, even though each separate element might be suggested from the prior art, it amounted to invention to modify the prior art structures and combine them as he has done.

The issue presented here is one frequently met in this character of litigation. Assuming that appellant's structure is an improvement over any prior art device, as is urged by appellant, did invention rest in making a new combination consisting of old art elements? More particularly the question is: Could a mechanic skilled in the art do what the appellant has done without the exercise of the inventive faculty. As we have frequently said, this is a matter of opinion. The Patent Office tribunals, after having given all the facts and points presented here careful and detailed consideration, concluded that appellant has done nothing which the skilled mechanic could not do when confronted with the problems which appellant claims to have solved. It seems to us that the two main features of appellant's alleged invention consist of putting baffles between the cylinders of an engine which is cooled by the air which comes in at the rear of the engine enclosure and in providing the air scooping means. Any skilled mechanic knew that the baffle arrangement aided in cooling the engine. He also knew that it

was old to provide a scoop on the lower side of the engine enclosure for forcing the air from the back part of the enclosure to the front part of the same and that it was advisable to force cool air rather than hot air over the accessories. Knowing these facts, which were taught by the prior art, it does not seem to us that appellant in producing his structure has been required to use more than mechanical skill. As to the other limitations relied upon in the other claims hereinbefore discussed, we are in agreement with the holding of the tribunals below that they do not lend patentability to the claims over the prior art cited.

The decision of the Board of Appeals is affirmed.

Affirmed.